# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| J.C. SANDERS, | ) | CASE NO. 5:23-cv-1949 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| JUDY HILL, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff J.C. Sanders ("Sanders") filed this action against defendants Judy Hill ("Hill") and Edward Gilbert ("Gilbert") on October 4, 2023. In his complaint, Sanders alleges Hill and Gilbert made untrue statements on the public record that could harm his reputation. (*See* Doc. No. 1, at 5.[1]) He asserts claims for defamation and seeks monetary damages. (*Id*. at 6.) Sanders also filed a motion to proceed *in forma pauperis* (Doc. No. 2), which he has since moved to amend (Doc. No. 3) and supplement. (Doc. No. 4.) Sanders' original application (Doc. No. 2) and request to supplement (Doc. No. 4) are denied as moot, and the Court grants Sanders' amended *in forma pauperis* application. (Doc. No. 3.)

Before addressing the current complaint, some additional context is needed. Sanders'

---

[1] All page number references within this memorandum opinion are to the consecutive page numbers applied to each individual document by the electronic filing system.

present complaint is nearly identical to a complaint he filed in an earlier case before this Court. *See Sanders v. Hill*, N.D. Ohio No. 23-cv-924, Doc. No. 1. The complaint in that case was dismissed by the Court without prejudice on July 13, 2023, due to Sanders' inadequate *in forma pauperis* application. *Id.*, Doc. No. 3. The Court's previous opinion stated that Sanders could reopen his case, but only if he paid the $402 filing fee within thirty days of the Court's memorandum opinion and order (*i.e.*, before August 12, 2023). *Id.* at 5. To date, Sanders has not paid the filing fee or filed any other documents in that earlier case.

It is possible that Sanders did not receive the Court's earlier opinion because the Court's mailing to Sanders was returned due to Sanders being "temporarily away" from the address he provided to the Court. *Id.*, Doc. No. 6. Sanders—like all litigants before the Court—has an affirmative duty to timely inform the Court of any changes to his address. *See Barber v. Runyon*, 23 F.3d 406 (table opinion), 1994 WL 163765, at *1 (6th Cir. 1994) (citation omitted). His failure to do so "demonstrates a lack of prosecution of his action." *Walker v. Cognis Oleo Chem., LLC*, No. 1:07-cv-289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010). Despite his numerous cases within this district, Sanders never informed the Court that he changed his address. In fact, Sanders lists the same mailing address in the present complaint as he did in the earlier complaint: 1556 Thurston Street, Akron, Ohio, 44320. (*See* Doc. No. 1, at 2.)

Nonetheless, the present case is a frivolous action and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). 28 U.S.C. § 1915(e)(2) states in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[.]" In the Sixth Circuit, a "complaint is frivolous only if the legal theories raised in the complaint are indisputably meritless or if the factual contentions are fantastic or delusional." *Brown v. Bargery*, 207 F.3d 863,

866 (6th Cir. 2000). Sanders lists two federal statutes to support his claim that this Court has federal question jurisdiction to hear his defamation claims: 28 U.S.C. § 4101 and 42 U.S.C. § 1983. (*See* Doc. No. 1, at 4.) Sanders' claims made under these statutes are indisputably meritless.

Beginning with 28 U.S.C. § 4101, this statutory provision merely provides a definition of defamation and does not contain a private cause of action. *See James Roa v. City of Denison*, No. 4:18-cv-168, 2019 WL 1306212, at *10 n.13 (E.D. Tex. Feb. 18, 2019) (citing 28 U.S.C. § 4101). Further, this statutory provision "provides a definition of 'defamation' in the context of foreign judgments" and "is a part of a broader statutory scheme prohibiting a domestic court from enforcing a foreign judgment for defamation unless certain prerequisites are met." *Brown v. Reny Co.*, No. 4:21-cv-395, 2022 WL 2255134, at *6 (E.D. Tex. June 21, 2022) (citing 28 U.S.C. §§ 4101(1), 4102); *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 488 (5th Cir. 2013) (finding that this statutory scheme is implicated only where a party has obtained a foreign judgment for defamation).

Sanders' complaint does not mention a prior judgment for defamation of any sort, foreign or otherwise. The absence of any plausible allegations related to a foreign judgment for defamation precludes recovery here, even if Sanders had plead the correct provision within the statutory scheme. Courts frequently dismiss cases pursuant to 28 U.S.C. § 1915(e)(2)(B) when the plaintiff invokes 28 U.S.C. § 4101 to establish federal question jurisdiction and fails to include any plausible allegations related to a foreign judgment for defamation. *See, e.g.*, *Jackson v. Conroy Rental*, No. 2:23-cv-2591, 2023 WL 5352520, at *2 (S.D. Ohio Aug. 21, 2023), *report and recommendation adopted*, 2023 WL 7186655 (S.D. Ohio Nov. 1, 2023); *Maynand v. Simerly*, No. 2:23-cv-48, 2023 WL 6134953, at *3–4 (E.D. Tenn. July 25, 2023), *report and recommendation*

3

*adopted*, 2023 WL 6133193 (E.D. Tenn. Sept. 19, 2023); *Duncan v. Kuhr*, No. 3:23-cv-327, 2023 WL 3479174, at *1 (N.D. Ohio May 16, 2023). The Court agrees with the analysis provided by these cases and finds that because Sanders' complaint fails to implicate the circumstances under which § 4101 applies, this claim is frivolous.

Sanders' assertion that 42 U.S.C. § 1983 provides federal question jurisdiction fairs no better. To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)).

Sanders' complaint fails here as well. His complaint alleges no specific constitutional or federal claim. In addition, he has not alleged facts permitting a plausible inference that either defendant acted under color of state law in filing the motion to quash plaintiff's subpoena in state court. According to the complaint, both defendants are plainly private actors: Hill works for the NAACP (Doc. No. 1, at 2), and Gilbert is a private attorney. (Doc. No. 1-1; Doc. No. 1-2.) These allegations cannot maintain an action under 42 U.S.C. § 1983. *See, e.g.*, *Dantzler v. U.S. Dep't of Just.*, No. 1:20-cv-01505, 2021 WL 2809125, at *5 (D.D.C. July 6, 2021) ("The NAACP is not a state actor, and Dantzler has not plausibly alleged that it acted under the color of state law."); *Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) (holding that private attorneys do not act under color of state law even where their alleged acts relate to

4

state court litigation). Due to these fatal deficiencies, Sanders' claims under 42 U.S.C. § 1983 are also frivolous.

With no ground for subject-matter jurisdiction remaining, Sanders' complaint must be dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

Further, the Court issues a word of caution. While the Court is very tolerant of legal filings from *pro se* litigants, the present action is one of at least four actions Sanders currently has pending within the Northern District of Ohio. Beyond his current cases, Sanders also filed a number of cases earlier in the year, all of which, to the Court's knowledge, were dismissed at the screening stage. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which wastes judicial resources and impairs their ability to carry out Article III functions. *See Douglas v. Cleveland*, 1:12-cv-1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citation omitted). Toward that end, Sanders is warned that, should he persist in asserting the same causes of action in this jurisdiction or in filing frivolous motions herein, the Court may consider placing him on Restricted Filer status.

**IT IS SO ORDERED**.

Dated: December 11, 2023

                                                **HONORABLE SARA LIOI**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**